The undersigned have reviewed counsel for plaintiff's Motion for Reconsideration and modify the 15 April 1996 Opinion and Award with respect to Finding of Fact Number 12, Conclusion of Law Number 2, Award Number 3 and Order Number 1. The remaining portions of this Opinion Award remains in full force and effect.
The Full Commission finds as fact and concludes as matters of law, the following which were entered into by the parties and by way of an approved Industrial Commission Form 21 and two prior Industrial Commission Opinions and Awards:
STIPULATIONS
1. Defendants paid compensation to plaintiff for temporary total disability until September 1, 1989. In addition, they submitted Stipulations dated August 9, 1991 which are hereby incorporated by reference.
2. The depositions of Dr. Ward, Ms. Long and Mr. Henke are made a part of the evidentiary record in this case.
* * * * * * * * * * *
In accordance with the holding of the Court of Appeals, the Full Commission finds as fact the following:
FINDINGS OF FACT
1. On July 27, 1984, plaintiff was employed by defendant-employer to perform cleaning services at construction sites. On this date, she sustained an injury by accident arising out of and in the course of her employment when she fell to the ground when the ladder on which she was standing slipped. As a result of the fall, she suffered a compression fracture to her second lumber vertebra, a Colles fracture to her right wrist and non-displaced pelvic fractures. Defendants admitted liability for her injury and began paying compensation to her for temporary total disability.
2. Dr. Wood treated plaintiff initially for her injuries and performed surgery to her wrist on April 18, 1985. He released her from his care in August 1985, but because of persistent symptoms, she subsequently sought further treatment. She began seeing Dr. Ward in September 1986, and on October 29, 1986 he performed a second operation on her wrist. Her condition was improved by the surgery, but when he encouraged her to return to work the following year she was apprehensive. He was of the opinion that a large component of her problem was an emotional reaction and that she should see a psychiatrist. Consequently, on February 9, 1988 she was evaluated by Dr. Dillingham who believed that she was suffering from a post-traumatic stress disorder.
3. Upon recommendation by her physician, plaintiff was admitted to Charlotte Rehabilitation Hospital for four weeks in October 1989 in a comprehensive pain management and rehabilitation program under the direction of Dr. Nesbitt, a neurologist. During her stay there, she was also contacted by Kathryn Long, a vocational rehabilitation consultant hired by defendants to assist her in job placement. Plaintiff was discharged from the hospital on October 31, 1989 with some limitations on certain activities, but Dr. Nesbitt believed that she was able to return to work and perform her former job duties in construction cleaning. However, the staff did recommend further psychological treatment.
4. Plaintiff then saw Dr. Feldman, who was the staff psychologist at Charlotte Rehabilitation Hospital, on four occasions for therapy from December 11, 1989 to January 5, 1990. At the last session she indicated to him that she would prefer counseling by her pastor, so he discontinued treatment. Plaintiff and Dr. Feldman informed Ms. Long of her decision to stop seeing him on that date. When Ms. Long attempted to schedule a meeting with plaintiff to begin vocational rehabilitation, plaintiff informed her, through counsel, that she was not ready to return to work and that she would not communicate further with Ms. Long regarding possible employment.
5. Defendants paid compensation to plaintiff from July 28, 1984 through September 1, 1989 except for the six weeks in 1987 when former Deputy Commissioner Markham found that she had not proven that she was disabled.
6. Since January 1989 plaintiff has seen Dr. Ward several times with further complaints regarding her hand, but he has not observed a material change in her condition and has only given her medication for pain. He had no further treatment to offer her, although he was of the opinion that she would likely require further surgery in the future.
7. Plaintiff also saw Dr. Dillingham again on September 27, 1989 and he noted that her psychiatric condition had improved and would likely to continue to improve. However, he still recommended psychotherapy.
8. At the time of the hearing before Deputy Commissioner Chapman in 1991, plaintiff was 44 years old. She is a high school graduate and has work experience as an assistant to a dispatcher for a trucking company, as a worker in a fast food restaurant, and in construction cleaning. She also has skills in various crafts, re-upholstering furniture and gardening.
9. Plaintiff reached maximum medical improvement from a medical stand point on November 1, 1989 with respect to the injury giving rise to this claim. However, she did not reach maximum medical improvement psychologically on January 5, 1990 when she terminated her therapy with Dr. Feldman. As of that date, she was not able to return to work from a psychologically standpoint.
10. As a result of this injury by accident, plaintiff was not able to return to her former employment with defendant-employer or to any other employment from September 2, 1989 through January 5, 1990 and remains disabled until she reaches maximum medical improvement from a medical and psychological standpoint and is able to return to work, sustains a change of condition, or further Order of the Commission.
11. Medical, including psychological, treatment is necessary to effect a cure, provide needed relief or to lessen plaintiff's period of disability.
12. Attorney Richard F. Harris, III, counsel for plaintiff, and plaintiff executed a Contingent Fee Contract on November 29, 1985 for 33 1/3 percent of the recovery at the trial level and a 50 percent attorney's fee for further legal services after the trial, such as an appeal. The contingent fee contract for 33 1/3 percent between counsel for plaintiff and plaintiff is reasonable under the circumstances herein, although the 50 percent attorney's fee for further legal services after the trial is not reasonable and exceeds the usual standard and customary amount to which parties generally contract in similar cases with attorneys of like and similar skill as plaintiff's attorney.
13. The second hearing in this case was brought by the defendants' filing of a Motion to terminate plaintiff's benefits based on a change of condition and the Commission ordered the defendants to continue payment of benefits.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $76.10 per week for the additional temporary total disability she sustained from September 2, 1989 through January 5, 1990 and continuing until such time as plaintiff returns to work, experiences a change of condition, or further Order of the Commission. Plaintiff has not experienced a change of condition so as to warrant modifications of the Opinion and Award filed September 1, 1989. N.C. Gen. Stat. § 97-29.
2. Since the contingent fee contract portion for 50 percent after the trial level between counsel for plaintiff and plaintiff exceeds the usual standard and customary amount to which parties generally contract in similar cases with attorneys of like and similar skill as plaintiff's attorney, the contingent fee contract portion for 50 percent is found unreasonable. However, an attorney fee in the amount of 33 1/3 percent of the compensation benefits recovered by plaintiff being reasonable, under the circumstances herein, is approved and payable to plaintiff's attorney. N.C. Gen. Stat. § 97-90 (c).
3. Plaintiff is entitled to have defendants provide all medical, including psychological, treatment arising from this injury by accident, including necessary future treatment, to the extent such treatment tends to effect a cure, give relief or lessen her period of disability. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to an attorney's fee assessed against defendants in the amount of $2,000 pursuant to N.C. Gen. Stat. § 97-88 which amount shall be in lieu of a $2,000 portion of the accrued attorney fee and not in addition thereto.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $76.10 per week for her temporary total disability from September 2, 1989 through January 5, 1990 and continuing until such time as plaintiff returns to work, experiences a change of condition, or further Order of the Commission. Such compensation which has accrued shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted in accordance with approved Industrial Commission procedure.
3. A reasonable attorney's fee is hereby approved for plaintiff's counsel in the amount of 33 1/3 percent of the compensation recovered by plaintiff, which fee shall be deducted from the amount which has accrued. Thereafter, an attorney's fee shall be paid in the amount of 33 1/3 percent of the benefits payable, the frequency of which shall be agreed upon by the parties.
4. Defendants shall pay an attorney's fee in the amount of $2,000 to plaintiff which shall be in lieu of a $2,000 portion of the accrued attorney fee and not in addition thereto.
5. Defendants shall pay an expert witness fee in the amount of $350.00 to Dr. Ward to the extent such fee has not already been paid.
6. Defendants shall pay the costs.
ORDER
1. Defendants are hereby Ordered to pay plaintiff interest pursuant to N.C. Gen. Stat. § 97-86.2.
2. Plaintiff's Motion to Declare N.C. Gen. Stat. § 97-86.2
Unconstitutional and to include interest on the plaintiff's accrued compensation in the total recovery on which plaintiff's attorney's fee should be calculated, is hereby, and same shall be, DENIED.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ _________________________ THOMAS J. BOLCH COMMISSIONER